NOMECO BUILDING SPECIALTIES, INC., and Donald Schwartz, Plaintiffs,

v.

PELLA CORPORATION, f/k/a Rolscreen Company, Defendant.

Civ. No. 98–2505 (JRT/RLE).

United States District Court, D. Minnesota.

March 3, 1999.

Robert A. Gust, Minneapolis, MN, for Plaintiffs.

Alan H. Silberman, Chicago, IL, John E. Connelly, Minneapolis, MN, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

TUNHEIM, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, **IT IS HEREBY ORDERED:**

That the Defendant's Motion to Dismiss Count II [Docket No. 6] is **DENIED.**

## REPORT AND RECOMMENDATION

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Defendant's Motion to Dismiss Count II of the Plaintiffs' Complaint. A Hearing on the Motion was conducted on February 9, 1999, at which time, the Plaintiffs appeared by Robert A. Gust, Esq., and the Defendant appeared by Alan H. Silberman and John E. Connelly, Esqs. For reasons which follow, we recommend that the Motion to Dismiss be denied, but without prejudice.

### II. *Discussion*

The Plaintiffs contend that they contracted with the Defendant for the exclusive right to sell the Defendant's windows in specified Counties in Minnesota, and Wisconsin. According to the Plaintiffs, notwithstanding the exclusivity of its right to market the Defendant's windows, the Defendant has sold its products to national vendors—such as Payless Cashway, and Menards, under what are denominated as "factory-direct sales"—who, in turn, have retailed the Defendant's products in the Counties in Minnesota, and Wis-

610

consin, that the Plaintiffs' claim to be their exclusive territory.

In Count I of their Complaint, the Plaintiffs allege that the Defendant has breached the express and implied contracts that extend between them and the Defendant. As part of Count I, the Plaintiffs have pled as follows:

19. Pursuant to the express and implied terms of the agreement between the parties, the parties' course of dealing and performance over the period during which Plaintiffs marketed and sold Pella products, the custom and practice in the industry, and the obligation of good faith and fair dealing in contract performance and enforcement, Plaintiffs were given the exclusive right to market and sell Pella products in their trade area.

\*      \*      \*      \*      \*      \*

21. Defendant's factory-direct sales and subsequent termination of the relationship without good cause is in breach of the contract between the parties.

Notwithstanding these allegations, which particularly advance breach of implied contract claims that arise from the express contract between the parties, the Plaintiffs also allege, in Count II of their Complaint, the Defendant's purported breach of an implied covenant of good faith and fair dealing. In this respect, the Plaintiffs have pled as follows:

23. Every contract contains a covenant that the parties will act in good faith and will deal fairly with each other and not in a way that unreasonably deprives the other of the benefits of the contract.

24. Defendant's factory direct sales constitute a breach of the implied covenant of good faith and fair dealing in that they prevented Plaintiffs from performing under and otherwise receiving the benefits of the contract.

According to the Defendant, the allegations of Count II cause it concern, as the Plaintiffs are twice pleading an implied contract claim which, at a minimum is duplicative. In the Defendant's view, the better approach toward pleading would combine the two Counts into a single Count, so as not to suggest that

the Plaintiff's have any implied contract claim which is wholly separated from the contract that the parties negotiated, and that serves as the predicate for the Plaintiffs' breach of express and implied contract claims, as alleged in Count I of their Complaint.

In response, the Plaintiffs assert that Count I incorporates those contract claims, whether express or implied in fact, whereas Count II incorporates implied in the law contract claims. As such, the Plaintiffs deny any attempt to allege that the Defendant owes it any duties, under contract law, other than arise out of the contract that the parties negotiated. Stated otherwise, the Plaintiffs do not contend that the breach of an implied covenant claim imposes on the Defendant an obligation, arising from commercial "good faith," to have negotiated a contract other than the one which, ultimately, the parties consummated. While this quiets some of the Defendant's concern as to the vagueness of Count II, the Defendant continues to prefer a single Count, in the stead of Counts I and II, while the Plaintiffs favor two separate Counts.

At this preliminary juncture, we can foresee no harm in the structure of the Plaintiffs' pleading of Counts I and II. If the Counts prove to be duplicative, then the Defendant is at liberty to renew its Motion to Dismiss, or it may move to strike any redundancy. See, *Rule 12(f), Federal Rules of Civil Procedure.* As presently framed, Count II asserts a claim that the Defendant somehow "unreasonably deprive[d]" them "of the benefits of the contract," or "prevented [them] from performing under and otherwise receiving the benefits of the contract." *Plaintiffs' Complaint,* at ¶¶ 23 and 24. The Defendant does not dispute that, as so pled, these allegations state a claim for a breach of an implied covenant of good faith and fair dealing, under Minnesota law. In *In re Hennepin County 1986 Recycling Bond Litigation,* 540 N.W.2d 494, 502–03 (Minn.1995), the Minnesota Supreme Court explained the implied covenant claim, as follows:

Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party

not "unjustifiably hinder" the other party's performance of the contract. *Zobel & Dahl Constr. v. Crotty*, 356 N.W.2d 42, 45 (Minn.1984); see also, *Haase v. Stokely–Van Camp, Inc.*, 257 Minn. 7, 13, 99 N.W.2d 898, 902 (1959); Restatement (Second) of Contracts § 205 (1981). Similarly, we have held that the party to a contract cannot take advantage of the failure of a condition precedent when the party itself has frustrated performance of that condition. *Space Center [Inc. v. 451 Corp.]*, 298 N.W.2d [443,] 449 [(Minn.1980)]; *Nodland v. Chirpich*, 307 Minn. 360, 366–67, 240 N.W.2d 513, 516 (Minn.1976).

In Minnesota, the implied covenant of good faith and fair dealing does not extend to actions beyond the scope of the underlying contract. Here, however, the bondholders' implied covenant claims are based on the underlying bond agreements. To allege an implied covenant claim the bondholders need not first establish an express breach of contract claim—indeed, a claim for breach of an implied covenant of good faith and fair dealing implicitly assumes that the parties did not expressly articulate the covenant allegedly breached. *Metropolitan Life [Ins. Co. v. RJR Nabisco, Inc.]*, [716 F.Supp. 1504], 1516 [(S.D.N.Y.1989)].

As alleged in Count II, the Plaintiffs have properly stated a breach of an implied covenant claim. The Defendant will have the opportunity, through contention Interrogatories, Rule 30(b)(6) depositions, or otherwise, to discover the substance of the Plaintiffs' Count II, and we should not, as a preliminary matter, deny the Plaintiff a style of pleading which does not prejudice the Defendant's rights. Here, we do not overlook the overlap of the allegations in Counts I and II and, should the allegations prove to be coextensive, as they now appear, the parties can stipulate to the dismissal of one set of duplicative claims, or the Defendant can move for their excision prior to Trial.[1]

Accordingly, we recommend that the Defendant's Motion to Dismiss Count II of the Plaintiff's Complaint be denied, but without prejudice to its renewal, if so warranted.

NOW THEREFORE, It is—

RECOMMENDED:

That the Defendant's Motion to Dismiss Count II [Docket No. 6] be denied.

ERICKSON, United States Magistrate Judge.

---

**1.** As we stated at the Hearing in this matter, the state of the law, in terms of breach of implied covenant claims, appears to be somewhat unsettled. We explored the tension between the majority's expression of the doctrine, in *In re Hennepin County 1986 Recycling Bond Litigation*, 540 N.W.2d 494, 502–03 (Minn.1995), and the concerns expressed by the dissent. *Id.* at 513 (Coyne, J., dissenting). At this nascent stage, we need not resolve the perceived state of torque, if any there be, as the Plaintiffs have disclaimed any intention of incorporating an implied covenant claim which is untethered to the underlying contract which extends between the parties here.